```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

**2CHECKOUT.COM, INC.,**

       **Plaintiff,**

  vs.                                      **Civil Action 2:04-CV-1195**
                                                        **Judge Smith**
                                                        **Magistrate Judge King**

**TERENCE GRANT ALLEN,**
*et al.,*

       **Defendants.**

## OPINION AND ORDER

       This action was instituted upon the filing of the complaint on December 15, 2004.  The defendants, Terence Grant Allen and Christine A. Fulk, executed waivers of service, Doc. No. 4, and answers were due on April 18, 2005.  On May 23, 2005, after no answers had been filed, plaintiff moved for entry of default. Doc. No. 7.  The fact of defendants' default was entered by the Clerk on May 24, 2005. Doc. No. 11.  Defendants filed an answer on June 2, 2005.  Doc. No. 12.

       This matter is now before the Court on plaintiff's June 2, 2005, motion for default judgment, Doc. No. 13, and plaintiff's July 5, 2005, motion to strike the answer, Doc. No. 17.

       Default judgment "is a drastic step which should be resorted to only in the most extreme cases."  *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir. 1983).  Federal courts instead favor trials on the merits.  *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).  An entry of default, once entered, may be set aside for "good cause shown."  F.R. Civ. P. 55(c).  Although the issue of whether to set aside an entry of default is left to the sound discretion of the trial court, F.R. Civ. P. 55(c), the United States Court of Appeals for the Sixth Circuit has counseled that a trial court's discretion should

be shaped by consideration of possible prejudice to the plaintiff, the existence of a meritorious defense and an articulation of a "credible explanation for the delay [in answering] that does not exhibit disregard for the judicial proceedings." *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 194 (6th Cir. 1986).

Although plaintiff claims, in conclusory fashion, that it has been prejudiced by the failure of the defendants to answer in timely fashion, the record reveals no prejudice other than that attendant to full litigation of every claim. There is no indication that the defendants' delay in filing an answer resulted "in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987).

Defendants' answer suggests that defendants have a meritorious defense. In this regard, "likelihood of success on the merits is not the measure." Rather, "if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co.,* 705 F.2d at 845.

Finally, this Court concludes that the defendants' conduct in failing to timely file an answer was not so culpable as to warrant entry of default judgment or to preclude the setting aside of the entry of default.

Accordingly, plaintiff's motions for default judgment and to strike the answer, Doc. Nos. 13, 17, are **DENIED.**

The Clerk is **DIRECTED** to **SET ASIDE** the entry of defendants' default.  Doc. No. 11.

s/George C. Smith
George C. Smith, Judge
United States District Court